**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022
Decided May 9, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2169

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:18-CR-120 JD |
| RENATO SALAZAR-LOPEZ, *Defendant-Appellant.* | Jon E. DeGuilio, *Chief Judge*. |

**O R D E R**

A jury found Renato Salazar-Lopez guilty of possessing with intent to distribute over one kilogram of heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and sentenced him to 135 months in prison and five years of supervised release. He appealed, but his appointed counsel asserts that an appeal would be frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and explores potential issues that an appeal of this kind would typically involve. Because counsel's brief appears sufficient, and Salazar-Lopez did not respond to the

motion with other potential arguments, *see* CIR. R. 51(b), we limit our review to the issues raised in counsel's brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Officer Brian Taylor stopped the car that Salazar-Lopez was driving near an Indiana toll plaza for failing to signal while changing lanes. A search of the car yielded nearly five kilograms of heroin and $6,000. Salazar-Lopez was charged with possession with intent to distribute over one kilogram of heroin. §§ 841(a)(1), (b)(1)(A)(i).

Salazar-Lopez moved to suppress the evidence from the search, arguing that Taylor lacked probable cause for the stop or the search and unconstitutionally extended the traffic stop. The district judge ordered a hearing only on whether there was probable cause for the stop because there were conflicting accounts of the lane change. (A recording from the officer's dashboard camera showed the rest of the interaction.)

A magistrate judge held the suppression hearing. Salazar-Lopez did not testify live, but he submitted an affidavit stating that he had used his turn signal when changing lanes. Officer Taylor testified that he observed Salazar-Lopez changing lanes without signaling, pulled him over, and then turned on the dashboard camera. Salazar-Lopez cross-examined Taylor about another of his stops. *United States v. Mesumb*, No. 2:19 CR 34, 2020 WL 30974673 (N.D. Ind. Jun. 11, 2020). There, the judge had suppressed evidence of drugs Taylor had found in a car after determining that, contrary to Taylor's testimony, the defendant had withdrawn his consent to the search. *Id.* at *1–*2.

Here, the magistrate judge credited Taylor's testimony and recommended denying Salazar-Lopez's motion to suppress the evidence because there was probable cause for the stop. The magistrate judge explained that nothing in Taylor's testimony or *Mesumb* suggested he had a "pattern of making up traffic offenses as an excuse to make stops." The district judge adopted the report and recommendation over Salazar-Lopez's objection. The government then moved to exclude from trial any mention of the *Mesumb* stop as irrelevant, misleading, and unduly prejudicial. *See* FED. R. EVID. 401, 403, 608. The judge granted that motion, finding "very little probative value to this line of questioning." (Later, at trial, the judge denied Salazar-Lopez's oral motion to reconsider after he conceded that cross-examining Taylor based on consent to search in another case was irrelevant to the issue of probable cause for Salazar-Lopez's stop.)

Salazar-Lopez moved for a bench trial because of the COVID-19 pandemic, but the government opposed the motion. *See* FED. R. CRIM. P. 23(a)(2). The judge denied the motion and held a one-day trial at which Salazar-Lopez did not testify. Taylor testified

consistent with his suppression hearing testimony. He also described questioning Salazar-Lopez with the aid of the Google Translate app on his phone because Salazar-Lopez primarily spoke Spanish. According to Taylor, Salazar-Lopez gave conflicting answers about his route and the purpose of his trip and could not produce registration or rental documents for the car. Taylor therefore sought and received oral consent for a search. The jury also saw the dashcam recording with subtitles that an expert certified as accurate. The video showed Salazar-Lopez consenting to a car search, Taylor reading Salazar-Lopez his *Miranda* rights, and Salazar-Lopez admitting to having drugs. Taylor testified that his search yielded $6,000 and nearly five kilograms of heroin, of which the jury was shown pictures. Salazar-Lopez did not object to any evidence or questioning but cross-examined Taylor about his Spanish fluency.

At the close of the government's case, Salazar-Lopez moved for a judgment of acquittal. FED. R. CRIM. P. 29(a). He argued that, based on the language barrier between him and Taylor, the government had not proven beyond a reasonable doubt that he knew when he was stopped that drugs were in the car or that he intended to distribute them. The judge denied that motion. Salazar-Lopez did not testify or present a defense case, and the jury then found him guilty. He did not renew his motion after the verdict. FED. R. CRIM. P. 29(c)(1).

At sentencing, Salazar-Lopez challenged the presentence investigation report's calculation of his criminal history category (II), arguing that he had served only 59 days for a prior offense, not 60 days as the report stated, so he should be a Category I offender under U.S.S.G. § 4A1.1(b). He also argued for a reduction for acceptance of responsibility on the ground that he had "admitted the illegality of his cargo at the scene of the stop," and had gone to trial only to preserve Fourth Amendment claims. He sought the statutory minimum sentence of 10 years in prison. *See* § 841(b)(1)(A)(i).

The judge adopted the PSR without change, including its calculation of a total offense level of 32 and a criminal history category of II, yielding a guidelines range of 135 to 168 months in prison. *See* § U.S.S.G. Sent'g Table (2018). He explained that the PSR correctly reflected 60 days of custody on the prior offense because the day on which Salazar-Lopez was taken into custody counts under 18 U.S.C. § 3585(a). The judge also ruled that Salazar-Lopez's repeated challenges to his "factual guilt" were inconsistent with granting reductions for acceptance of responsibility. After hearing from Salazar-Lopez, the judge acknowledged his "sincere and heartfelt" remorse, and sentenced him to the bottom of his guidelines range, 135 months in prison, and a mandatory five-year term of supervised release. *See* § 841(b)(1)(A)(i), (viii). He explained that the sentence reflected the

seriousness of the offense—it involved "almost five times more" heroin than what triggers the statutory minimum sentence—and the danger that "about 48,000 individual doses" of heroin posed to the community. *See* 18 U.S.C. § 3553(a)(1)(a), (c).

In his *Anders* brief, counsel first concludes that Salazar-Lopez could make no meritorious argument challenging the judge's denial of his suppression motion. We agree. We would defer to the judge's factual finding that Salazar-Lopez failed to signal, *United States v. Cole*, 21 F.4th 421, 425, 428 (7th Cir. 2021) (en banc), which includes the decision to credit Officer Taylor's reasons for the stop. *See United States v. Richmond*, 924 F.3d 404, 410–11 (7th Cir. 2019) (citation omitted). That finding requires the conclusion that the stop was based on probable cause and therefore lawful.

We also agree with counsel that Salazar-Lopez could not successfully challenge the judge's denial of his motion under Rule 29 of the Federal Rules of Criminal Procedure. We give great deference to a jury's verdict in all cases, and because Salazar-Lopez did not renew a motion after the verdict, he would have to make the more demanding showing that his conviction is a "manifest miscarriage of justice." *United States v. Nieto*, No. 19-2209, 2022 WL 897552, at *5 (7th Cir. Mar. 28, 2022). He would be unable to meet that standard because the jury heard sufficient undisputed evidence that Salazar-Lopez acknowledged possessing drugs in the car and intending to deliver "kilogram quantities" to Chicago. *United States v. Hidalgo-Sanchez*, No. 20-2673, 2022 WL 970564, at *9 (7th Cir. Mar. 31, 2022). And he had the opportunity to cross-examine the government's witnesses and expose weaknesses in Taylor's Spanish communication. *See United States v. Shaffers*, 22 F.4th 655, 660 (7th Cir. 2022).

Turning to the sentence, we agree with counsel that it would be frivolous for Salazar-Lopez to argue that the judge committed procedural error when determining Salazar-Lopez's sentencing range. *See United States v. Griffith*, 913 F.3d 683, 687 (7th Cir. 2019). Salazar-Lopez could not show that the judge misapplied § 3585(a) to his prior offense and thus miscalculated his criminal history category, § 3585(a). He also could not show that the court failed to consider the 18 U.S.C. § 3553(a) factors.

Finally, nothing in the record would permit Salazar-Lopez to rebut the presumption that his term of imprisonment—at the bottom of his correctly calculated guidelines range—or the length of supervised release—at the statutory minimum—were substantively reasonable. *See Griffith*, 913 F.3d at 689. The court acknowledged Salazar-Lopez's "sincere and heartfelt" apology in mitigation, but explained that the

seriousness of the offense and the harm to the public such a large amount of heroin would cause, § 3553(a)(2)(A), (C), justified the sentence.

We GRANT counsel's motion to withdraw and DISMISS the appeal.